## MARTIN DWYER vs. THE CONNECTICUT COMPANY ET ALS.

Third Judicial District, Bridgeport, October Term, 1925.

WHEELER, C. J., CURTIS, KEELER, MALTBIE and HAINES, Js.

This court cannot review the action of the trial court denying a motion to set aside a verdict as against the evidence, unless such evidence is made a part of the record.

A request to charge, which does not embody a complete statement of the essential facts bearing upon the point involved, should be refused.

In an action by a passenger against a street-railway company to recover damages for personal injuries, the charge to the jury upon the subject of the defendant's duty is correct and adequate if it states that a carrier, while not an insurer of the safety of

its passengers, owes them the obligation to exercise the utmost care that a reasonably prudent person under similar circumstances would use, to avoid injuring them and, so far as it is consistent with the nature of its business, to guard them against any danger that might reasonably and naturally be expected to arise.

The motorman and conductor of a street-car are bound to operate the car as reasonably prudent men, skilled in the business, would under like circumstances.

Where a physician testifies upon direct examination that he examined an injured plaintiff shortly after the accident, questions relative to the plaintiff's intoxicated condition at that time are within the proper limits of cross-examination.

Unless an appellant's draft-finding is made a part of the record, this court cannot pass upon his exceptions to the refusal of the trial court to find as requested therein.

A request for additions to a finding must be supported by a transcript of the material evidence.

The denial of a motion to correct a finding cannot be made, as such, a reason of appeal; the assignments of error must be based upon exceptions to the finding as made or to the refusal to find as requested.

Argued October 29th—decided December 23d, 1925.

ACTION to recover damages for personal injuries, alleged to have been caused by the negligence of the defendants, brought to the Superior Court in New Haven County and tried to the jury before *Ells, J.;* verdict and judgment for the defendants, and appeal by the plaintiff. *No error.*

*Charles W. Bauby,* for the appellant (plaintiff).

*William J. Larkin, Jr.,* for the appellee (the Connecticut Company).

HAINES, J. The plaintiff was injured by being struck and knocked from the running board of a moving trolley car on which he was a passenger, when his body came in contact with a standing truck which the car was passing. His contentions are that the conductor and the motorman, servants of the defendant company, and the defendants Stemple and McFarland, owners

of the truck, were negligent, the latter in allowing the truck to stand so near the trolley rails, and the former in moving the trolley car past the truck under the circumstances more particularly set out. The jury rendered a verdict for the defendants and the plaintiff appeals. The record does not contain a motion made to set aside the verdict of the jury, nor its denial by the court, but since the judgment recites these, we assume that the motion was made and denied.

There are eighteen reasons of appeal. The first is from the refusal of the court to set aside the verdict. This cannot be considered by us for the reason that the evidence is not before us. General Statutes, § 5840; Practice Book, pp. 113, 114; *Kirkbride* v. *Bartz*, 82 Conn. 615, 619, 74 Atl. 888.

Reasons of appeal two to eleven inclusive are for failure of the court to charge in accord with ten several requests made by the plaintiff. Requests two, three, four and seven do not embody such a complete statement of the essential facts as would have justified the court in charging in the form requested. Requests five, six, eight and ten relate to the duties of the company as a common carrier. The fifth, sixth and eighth requests are incorrect statements of the rule of law; the tenth is fully covered by the charge as given by the court, which furnished the jury a correct and sufficient rule for its guidance: "The railway is not an insurer by its contract of passage of the safety of passengers, but it must use the utmost care to avoid injury to such passengers that a reasonably prudent person would use under similar circumstances. It must use the utmost care consistent with the nature of the business to guard passengers against a danger arising from whatever source it may reasonably and naturally be expected to occur; and the duty of the motorman and conductor of the car is to operate the car as a rea-

sonably prudent motorman and conductor, skilled in the business, would operate a car under like circumstances." The seventh request was properly refused; it concluded with a direction to the jury to find for the plaintiff, although in its recital of facts it omits all reference to the facts relating to the contributory negligence of the plaintiff. The twelfth and thirteenth reasons of appeal are for the claimed failure of the court properly to state to the jury the doctrine of the last-clear-chance or intervening negligence. The facts offered in evidence and claimed to have been proved by either party did not make it either necessary or proper to charge the jury upon this subject. In so far as the court did explain the doctrine, it was done correctly.

The fourteenth reason of appeal is for failure of the court to charge in certain language, which appears in quotation marks. It appears from the charge, however, that the quoted words were the very words used by the court. It is probable, however, that the plaintiff meant to allege error in the making of this statement rather than in the failure to charge. Even so, we do not think the court erred. It appears to have been a fair reference to the evidence presented, a proper subject of comment by the court, and quite within the province of a presiding judge in a case of this sort.

The objection to the charge in the fifteenth reason, relates to a statement of what the evidence was. The reference to this evidence and the comments of the court thereon were likewise within the court's province, and we cannot say that it erred.

The sixteenth reason is based upon the admission, over the plaintiff's objection, of the following testimony of Dr. Crane, given on the cross-examination: "Q. What was the condition of Dwyer when you saw him in front of your office on West Main Street? A. He was beastly drunk, very drunk." The ground of the

plaintiff's objection is stated to have been that it "did not pertain to the question asked on the direct examination." The doctor testified as to having made an examination of the plaintiff. What that examination consisted of does not appear in the record. It was, however, admissible cross-examination to ascertain what the condition of the plaintiff was when this examination was made.

The seventeenth and eighteenth reasons of appeal relate to the action of the court in passing upon the plaintiff's motion to correct the finding. In the first two of the three paragraphs of this motion the plaintiff "excepts" to the refusal of the court to find as requested in certain paragraphs of his draft-finding, and requests the court to certify certain extracts from the evidence claimed to have been produced upon the trial. The record contains a paper, filed by the plaintiff's counsel, entitled "Plaintiff's request for a Finding," but it is only a statement of the questions upon which a review is sought and contains no draft of a proposed finding. The record nowhere contains the draft-finding, so it would be obviously impossible for us to say whether the court was in error in refusing to find as claimed by the plaintiff or in refusing to certify the evidence as requested.

The third paragraph of the motion requests the addition to the finding of certain statements of fact which are put in quotation marks, but the record does not show that any transcript of evidence was filed in support of the request, as required by the rules. Practice Book, pp. 95, 96, 97, and cases cited.

Though the court of its own motion thereupon amended one paragraph of the finding, the request was, in the main, denied. The plaintiff took no exception to this ruling of the court and it is not properly before us for consideration. The plaintiff does attempt to

make this ruling one of his reasons of appeal, but assignments of error on an appeal should be based upon exceptions to the finding by the court. They do not lie to the denial of a motion to correct. *Cramer* v. *Reeb,* 89 Conn. 667, 669, 96 Atl. 154; Practice Book, p. 308, § 10.

We could not pass upon the claim in any event without the evidence before us, even if we could sanction the irregularity and confusion in the procedure which plaintiff has adopted. The failure of counsel seeking a review in this court, properly and clearly to present his claims in accordance with the rules governing appeals, often results, as in this case, in our inability to provide the review desired on some points, and in addition imposes on the appellate court a serious and unnecessary burden in the consideration of the record.

There is no error.

In this opinion the other judges concurred.