ONESIME MICHAUD *v.* LUCIEN R. GAGNE

KING, C. J., ALCORN, HOUSE, COTTER and THIM, Js.

Argued June 9—decided July 20, 1967

*Peter C. Dorsey,* with whom, on the brief, was *John C. Flanagan,* for the appellant (defendant).

*Joseph Protter,* for the appellee (plaintiff).

COTTER, J.   This is an appeal by the defendant from a judgment rendered on a verdict against him in an automobile negligence case.

Certain facts were undisputed.  The plaintiff, on June 6, 1964, was operating his motor vehicle in an easterly direction on route 6 in Farmington.   The defendant was proceeding in a westerly direction on route 6, intending to make a left turn into Hyde Road, which runs in a southerly direction and intersects route 6 at an angle.   The eastbound and westbound lanes of route 6 are separated by double yellow lines which do not run through the intersection but extend to the boundary lines of the area of the intersection both to the east and the west.   There is a slight upgrade from east to west on route 6 through the intersection with a curve to the north. Debris from the impact of the collision was found eleven feet east of a telephone pole at the southeast corner of the intersection, at a point south of the

double yellow line and about halfway between the double yellow line and the south curb of route 6. The collision occurred in the eastbound lane.

The plaintiff testified that he was twenty to thirty feet into the intersection when he suddenly saw the defendant's vehicle traveling west (the defendant claims the plaintiff was fifty feet away at this time) and that it crossed the double yellow line below the southeast corner of the intersection of route 6 and Hyde Road and proceeded westerly in the eastbound lane. The plaintiff claims that he immediately applied his brakes but that the defendant kept on moving toward the plaintiff's car and did not attempt to stop; while the defendant claims he stopped at the intersection to let traffic pass, started to turn and while he was turning saw the plaintiff's car, at which time he braked his own car and tried to veer to the right. The plaintiff's car was damaged at the front, with greater damage to the left front, and the defendant's automobile was damaged in the center front end.

The defendant assigns error in the claimed failure of the court to adopt his requests to charge on the issues of (1) the plaintiff's proper control over his vehicle and (2) the unfavorable inferences to be drawn bearing upon the evidence as to the plaintiff's speed as a "cause" of the accident; in leaving to the jury the question whether the defendant operated his automobile at an unreasonable rate of speed, claiming there was no evidence on which to predicate that portion of the charge; and in including in its charge under what the defendant calls "the turn statute" the requirements that no person shall turn a vehicle (1) unless such movement can be made with reasonable safety and (2) unless he gives an appropriate signal when making a turn,

which requirements the defendant claims were not within the allegations of the complaint.

A determination of this last issue in the case cannot be solely confined, for several reasons, to an interpretation of only one statute. In the first place, the defendant, evidently claiming that he had the right of way at the intersection, filed requests to charge with the court, including a request that the court charge the jury under General Statutes § 14-246 regarding the right of way at an intersection turn. This statute, in effect at the time of the accident, but which has since been amended (Public Acts, Spec. Sess., Feb. 1965, No. 448 § 26), gave drivers who had yielded and signaled the right of way for a left turn. Second, since the defendant was approaching the intersection intending to make a left turn into Hyde Road, §§ 14-241 (b), 14-242 (a), 14-242 (b), 14-244 and 14-246 of the General Statutes govern the rights and obligations of the operators. *Kronish* v. *Provasoli,* 149 Conn. 368, 371, 179 A.2d 823. The allegations of negligence in the complaint, although not citing the specific statutes, made their application a part of the cause of action. The two references made by the court in the charge, concerned with giving an appropriate signal and forbidding the turn unless that movement can be made with reasonable safety, were issues in the case and essential elements of the applicable statutory law under the circumstances. The court was fully justified in charging as it did upon this theory of the case. *Domenick* v. *Wilbert Burial Vault Co.,* 149 Conn. 381, 386, 180 A.2d 290.

In the course of the charge to the jury, the court referred them to a consideration of inferences in weighing the evidence and explained to them that

they should draw proper inferences based on proven facts which they found to be reasonable and logical. A very short request to charge, proposed by the defendant, inferring negligence from evidence of the plaintiff's speed omitted pertinent facts for such an inference to apply. It failed to contain "such a complete statement of the essential facts as would have justified the court in charging in the form requested." *Dwyer* v. *Connecticut Co.,* 103 Conn. 678, 680, 131 A. 838. A statement contained therein, that, if the jury found that the plaintiff's speed was unreasonable and a cause of the accident, their verdict should be for the defendant, was an incorrect statement of the rule of law. *Crowder* v. *Zion Baptist Church, Inc.,* 143 Conn. 90, 100, 119 A.2d 736; Maltbie, Conn. App. Proc. § 111, p. 135. The plaintiff's negligence must be a proximate cause to bar the plaintiff's recovery. *Peichert* v. *January,* 142 Conn. 139, 142, 111 A.2d 811; see *Warner* v. *Liimatainen,* 153 Conn. 163, 165 n., 215 A.2d 406. Likewise, the defendant's request to charge concerning the plaintiff's contributory negligence due to a failure to keep his car under proper control was an incorrect statement of the law since such an element to avail the defendant must be a proximate cause of the accident. *Mahoney* v. *Beatman,* 110 Conn. 184, 196, 147 A. 762; 7 Am. Jur. 2d 916, Automobiles and Highway Traffic, § 369. The court fully stated the doctrine of contributory negligence to the jury so far as required by the pleadings and the claims of proof. In the course of its general discussion of proximate cause, the court stated: "[I]f the defendant proves his defense of contributory negligence your verdict must be for the defendant."

The plaintiff alleged that the defendant operated

his vehicle at a speed which was unreasonable, having regard to the width, traffic and use of the highway, the intersection of streets, and the weather conditions. The defendant claims that there was no evidence of what his particular speed was at any particular time, and consequently this issue should not have been left to the jury. While the claims of proof of this issue did not contain evidence of an approximation or specific statement of the miles per hour of the movement of the defendant's automobile, there was testimony that the defendant was driving west on route 6 and suddenly, without giving a signal, crossed the two yellow lines into the path of the plaintiff's car, colliding head on with it in the eastbound lane. An operator is required to drive at a reasonable rate of speed, commensurate with the conditions enumerated above. Evidence that the defendant drove forward toward the plaintiff's car head on in the plaintiff's lane of travel, intending to cut across the intersection into Hyde Road on his left, combined with the circumstances existing at this intersection, furnished a basis upon which the jury could infer operation at an unreasonable speed. The defendant's proceeding in such a manner, without maintaining a proper lookout, and violating the statutory obligations discussed above provide a combination of circumstances upon which a jury could find negligence under this specification in the complaint. It is for the jury to determine what is a reasonable rate of speed under the circumstances. Whether the defendant had stopped to let other traffic pass, then started to turn and while turning saw the plaintiff coming and then braked his car were questions under the evidence for the jury to resolve. There are some circumstances which may require an exceedingly slow rate

of speed. Under certain circumstances any speed at all might be negligence. The degree of speed in terms of miles per hour is not necessarily decisive. The test with reference to speed is that rate of movement which is reasonable under all the circumstances and is that speed at which a reasonably prudent person would operate under similar conditions. 8 Am. Jur. 2d 268, Automobiles and Highway Traffic, § 716; 60 C.J.S., Motor Vehicles, § 291. Moreover, if the jury believed the evidence offered by the plaintiff, that evidence would warrant the inference that the defendant was driving at an unreasonable rate of speed. *Kaklauskas* v. *Somers Motor Lines, Inc.,* 134 Conn. 35, 39, 40, 54 A.2d 592.

Although a charge may not be exhaustive, perfect or technically accurate, it will ordinarily be sustained if it is correct in law, adapted to the issues and sufficient for the guidance of the jury. *Castaldo* v. *D'Eramo,* 140 Conn. 88, 94, 98 A.2d 664; Maltbie, Conn. App. Proc. § 76. The charge fairly presented the case to the jury and in effect was a proper guidance for their arriving at a correct verdict. *Lucier* v. *Meriden-Wallingford Sand & Stone Co.,* 153 Conn. 422, 425, 216 A.2d 818. The charge as given was pertinent to the claims of proof. The requests to charge were, so far as they were correct in law, covered in language which was ample to meet the above test. *Castaldo* v. *D'Eramo,* supra.

There is no error.

In this opinion the other judges concurred.