## State of Connecticut *v.* Croney Monk
### (11814)

Peters, C. J., Healey, Shea, Dannehy and Callahan, Js.

Argued December 11, 1985—decision released January 28, 1986

*Clinton L. A. Wright,* for the appellant (defendant).

*Judith Rossi,* special assistant state's attorney, with whom were *Julia D. Dewey,* assistant state's attorney, and, on the brief, *Arnold Markle,* state's attorney, and *Robert J. Devlin, Jr.,* assistant state's attorney, for the appellee (state).

Shea, J. After a trial to a jury, the defendant, Croney Monk, was convicted of sexual assault in the first degree, in violation of General Statutes § 53a-70 (a),[1]

---

[1] "[General Statutes] Sec. 53a-70. SEXUAL ASSAULT IN THE FIRST DEGREE: CLASS B FELONY: ONE YEAR NOT SUSPENDABLE. (a) A person is guilty of

and of unlawful restraint in the first degree, in violation of General Statutes § 53a-95 (a).[2] He was sentenced by the court to serve concurrent sentences for an effective term of not less than four years nor more than ten years in the custody of the commissioner of correction. From this judgment the defendant appeals, claiming that the evidence presented was insufficient to sustain a finding of guilt beyond a reasonable doubt for both crimes. We find no error.

From the evidence presented at trial, the jury could reasonably have found the following facts: On December 11, 1980, the defendant was a patron in the Flaming Knights Club in New Haven. Although the victim was also present, the two did not converse while at the club. Later in the evening, the victim left the club and began to walk home. The defendant, then in his car, pulled alongside the victim and asked her where he could purchase cigarettes. The defendant then got out of his car, approached the victim and asked her to accompany him while he got some cigarettes. When she refused, the defendant forced her to enter the car and sit in the front seat between him and his cousin, Thurman Anthony. The defendant then drove to an all-night convenience store, where he left the victim in the car with his cousin while he purchased cigarettes.

The defendant then drove to East Rock Park where he told the victim that he wanted to "have some fun" with her. The victim refused his advances and exited from the car. The defendant forced her back into the

sexual assault in the first degree when such person compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person."

[2] "[General Statutes] Sec. 53a-95. UNLAWFUL RESTRAINT IN THE FIRST DEGREE: CLASS D FELONY. (a) A person is guilty of unlawful restraint in the first degree when he restrains another person under circumstances which expose the latter to a substantial risk of physical injury."

car. The defendant and his cousin struggled with the victim and pulled her into the back seat. The defendant choked her while his cousin removed her pants. The defendant said that he would "tighten up on choking" if the victim resisted. The defendant then had sexual intercourse with her while his cousin held her down. The defendant's cousin also had sexual intercourse with the victim. When the cousin wanted to have intercourse for a second time the defendant said, "No, you know, that's it. You know, she's not giving it up willingly. Just cut it, you know, stop."

The defendant claims that the state failed to prove beyond a reasonable doubt (1) that he used force to compel the victim to engage in sexual intercourse, as is required by General Statutes § 53a-70 (a), and (2) that he restrained the victim under circumstances which exposed her to a substantial risk of physical injury, as is required by General Statutes § 53a-95 (a). At the close of the state's case, the defendant properly raised these claims by a motion for judgment of acquittal. Essentially, the defendant claims that the complainant consented to the sexual act and that her uncorroborated testimony concerning the defendant's use of force was not adequate to support the jury's verdict. We disagree.

"The standard that applies when a jury verdict is challenged on the ground of insufficient evidence is well established. 'When a verdict is challenged because of insufficient evidence, the issue is whether the jury could have reasonably concluded, upon the facts established and the inferences reasonably drawn therefrom, that the cumulative effect of the evidence established guilt beyond a reasonable doubt.' *State* v. *Nemeth,* 182 Conn. 403, 410, 438 A.2d 120 (1980); *State* v. *Heinz,* 193 Conn. 612, 625, 480 A.2d 452 (1984); *State* v. *Ruiz,* 171 Conn. 264, 276–77, 368 A.2d 222 (1976). The evidence must be given a construction most favorable to sustaining the jury's verdict." *State* v. *Carter,* 196 Conn. 36, 44,

490 A.2d 1000 (1985). Each essential element of the crime charged must be established by proof beyond a reasonable doubt, " 'and although it is within the province of the jury to draw reasonable, logical inferences from the facts proven, they may not resort to speculation and conjecture.' *State* v. *Festo,* 181 Conn. 254, 259, 435 A.2d 38 (1980)." *State* v. *Gaynor,* 182 Conn. 501, 503, 438 A.2d 749 (1980).

"We do not sit as a [seventh] juror who may cast a vote against the verdict based upon our feeling that some doubt of guilt is shown by the cold printed record. We have not had the jury's opportunity to observe the conduct, demeanor, and attitude of the witnesses and to gauge their credibility." *State* v. *Stepney,* 191 Conn. 233, 255, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772, reh. denied, 466 U.S. 954, 104 S. Ct. 2163, 80 L. Ed. 2d 547 (1984). " 'We cannot retry the facts or pass upon the credibility of the witnesses.' *Johnson* v. *Flammia,* 169 Conn. 491, 497, 363 A.2d 1048 (1975)." *State* v. *Penland,* 174 Conn. 153, 158, 384 A.2d 356, cert. denied, 436 U.S. 906, 98 S. Ct. 2237, 56 L. Ed. 2d 404 (1978).

The issue of the "use of force" is a question of fact for the jury. *State* v. *Kish,* 186 Conn. 757, 766–67, 443 A.2d 1274 (1982). The victim's testimony, if believed by the jury, was sufficient to establish beyond a reasonable doubt that the defendant had compelled the victim to engage in sexual intercourse by the use of force. The victim testified that the defendant forced her into the car, struggled with her, choked her, and then sexually assaulted her while his cousin held her down. Although the jury could reasonably have found the defendant guilty on the basis of the victim's testimony alone; *State* v. *Brice,* 186 Conn. 449, 458 n.10, 442 A.2d 906 (1982); her allegations were supported by the testimony of various police officers and a rape crisis coun-

selor, who all testified to the victim's constancy of accusation. See *State* v. *Brigandi,* 186 Conn. 521, 525–27, 442 A.2d 927 (1982). The victim's recital of the defendant's statements during the incident also buttresses the jury's conclusion that the defendant was aware that the victim's participation was not consensual. Further, before the defendant claimed to have had consensual sexual relations with the victim, he had given a false alibi to the police. From this false exculpatory story, the jury could reasonably have inferred that the defendant was attempting to cover up his criminal conduct. See *State* v. *DeMatteo,* 186 Conn. 696, 703, 443 A.2d 915 (1982).

The defendant also misperceives the scope of our review with respect to his claim of insufficient evidence on the unlawful restraint charge. Under General Statutes § 53a-91 (1) "restrain" means "to restrict a person's movements intentionally and unlawfully in such a manner as to interfere substantially with [her] liberty by moving [her] from one place to another, or by confining [her] either in the place where the restriction commences or in a place to which [she] has been moved, without consent." The victim testified that the defendant forced her to enter his car and compelled her to remain there by the use of force. This testimony adequately proved that the defendant had restrained her as required for a violation of § 53a-95 (a). The further statutory element of exposure "to a substantial risk of physical injury" was satisfied by the victim's testimony that she had struggled with the defendant and that he choked her. This evidence clearly supports the jury's finding that, had the victim continued to struggle and resist, she might have been seriously injured and thus was exposed to a "substantial risk of physical injury." The fact that there was no evidence of physical trauma to corroborate the victim's allegations is not determinative because the state was not

required to prove actual injury, but only that the defendant exposed the victim to a substantial *risk* of physical injury. See General Statutes § 53a-95 (a).

It is obvious from the verdict that the jury chose to believe the state's version of the evidence, and to disbelieve the defendant's version. See *State* v. *Rothenberg*, 195 Conn. 253, 257, 487 A.2d 545 (1985). It did not resort to speculation and conjecture. *State* v. *Gaynor*, supra. On the evidence adduced at trial, the jury could reasonably have found that the defendant had committed the crimes of sexual assault in the first degree and unlawful restraint in the first degree.

There is no error.

In this opinion the other judges concurred.