STATE OF CONNECTICUT *v.* ALVIN L. MERRITT
(5484)

HULL, DALY and BIELUCH, Js.

Argued May 14—decision released July 28, 1987

*Carl D. Eisenman,* public defender, for the appellant (defendant).

*Susann E. Gill,* deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas* and *John M. Massameno,* assistant state's attorneys, for the appellee (state).

DALY, J. The defendant appeals from the judgment of conviction, after a jury trial, of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (1).[1] The defendant claims that the trial court erred (1) in failing to charge on the lesser included offense of manslaughter in the second degree in violation of General Statutes § 53a-56 (a) (1);[2] and (2) in denying the defendant's motions for new trial and acquittal.

The jury could have found the following facts. During the evening of December 20, 1984, the defendant left his residence on Capen Street in Hartford and walked to the grocery store located at the corner of Barbour and Capen Streets. As he was leaving the store, he saw the victim. The victim had been seen in the store between 6:30 and 7 p.m. and was highly intoxicated. The defendant and the victim argued, and the defendant followed the victim to his apartment at 15 Barbour Street where he broke into the apartment

---

[1] General Statutes § 53a-55 (a) (1) provides: "(a) A person is guilty of manslaughter in the first degree when: (1) With intent to cause serious physical injury to another person, he causes the death of such person or of a third person . . . ."

[2] General Statutes § 53a-56 (a) (1) provides: "(a) A person is guilty of manslaughter in the second degree when: (1) He recklessly causes the death of another person . . . ."

leaving the door hanging by a hinge. The defendant struck the victim several times on the head with brass knuckles and stabbed him, causing the victim's death which was estimated to have occurred between 7:20 and 11:20 p.m. The police discovered the body later in the evening and its blood alcohol content was analyzed at .44 percent. A state's witness testified that the defendant had admitted killing the victim. The defendant claimed that he was home at the time of the killing. The defendant was charged with murder in violation of § 53a-54a (a) but was convicted of the lesser included offense of manslaughter in the first degree in violation of § 53a-55 (a) (1). This appeal ensued.

The defendant's first claim is that the trial court erred in denying his request to charge on the lesser included offense of manslaughter in the second degree[3] in violation of General Statutes § 53a-56 (a) (1). The defendant's request was timely filed, and he properly excepted to the court's failure to give the charge.[4] His claim is unavailing, however, as we find this case to be controlled by the decision in *State* v. *Ostroski,* 201 Conn. 534, 518 A.2d 915 (1986). " 'A proposed instruction on a lesser included offense, like any other proposed jury instruction is not appropriate unless made in compliance with Practice Book § 852.' *State* v. *McIntosh,* [199 Conn. 155, 158, 506 A.2d 104 (1986)]. Section 852 provides in pertinent part: 'Requests shall be in separate

---

[3] The defendant has abandoned his claim with respect to the lesser included offense of manslaughter in the first degree in violation of § 53a-55 (a) (3).

[4] We note that the defendant has failed to comport with the requirement of Practice Book § 3060F (d) (1) (now Practice Book § 4065 [d] [1]) that "a verbatim statement of the relevant portions of the charge as requested" be printed in his brief. We have previously noted that it is impossible for us to review such claims absent compliance with the appellate rules of practice. *Shenefield* v. *Greenwich Hospital Assn.,* 10 Conn. App. 239, 244 n.4, 522 A.2d 829 (1987). In this case, however, the relevant portions of the request to charge have been excerpted and included in the brief filed by the state, thereby making our review possible.

and numbered paragraphs, each containing a single proposition of law *clearly and concisely stated with the citation of authority upon which it is based, and the facts supported by the evidence to which the proposition would apply. . . .'* (Emphasis added.)" *State* v. *Ostroski,* supra, 557–58.

In the present case, the defendant framed his request as follows: "In accordance with *State* v. *Whistnant,* 179 Conn. 576 [427 A.2d 414 (1980)], the defendant requests the court to charge on the following lesser included offenses: 1. LESSER INCLUDED OFFENSES: Manslaughter, 1st degree, in violation of Section 53a-55 (a) (1) and 55 (a) (3) C.G.S. and Manslaughter 2nd degree, in violation of Section 53a-56 (a) (1) C.G.S."

In this request, like the request in *State* v. *Ostroski,* supra, 558, the defendant merely asked the court to instruct the jury that it could consider the lesser included offenses.

" '[A]n "appropriate instruction" under *State* v. *Whistnant,* must contain " 'a complete statement of the essential facts as would have justified the court in charging in the form requested.' *Michaud* v. *Gagne,* 155 Conn. 406, 410, 232 A.2d 326 (1967), quoting *Dwyer* v. *Connecticut Co.,* 103 Conn. 678, 680, 131 A. 838 (1925)." *State* v. *Killenger,* 193 Conn. 48, 57, 475 A.2d 276 (1984).' *State* v. *McIntosh,* supra, 160. The defendant's request contains no facts at all. Moreover, although the request cites *State* v. *Whistnant* as authority for the proposition stated, we have emphasized in the past that *Whistnant* by itself does not provide the substantive principles of criminal law which would justify a particular instruction. *State* v. *McIntosh,* supra. While this court does not favor unyielding adherence to 'rules of procedure where the interests of justice are thereby disserved'; id.; the ever increasing refinement of our law justifies cooperation of counsel in stating requests

for jury instruction. 'The minor burden of coopera-
tion imposed by this section is neither unreasonable
nor novel.' Id., 161." *State* v. *Ostroski,* supra, 558–59.
The trial court did not err in refusing the defendant's
requests to charge on the elements of General Statutes
§ 53a-56 (a) (1).

The defendant's claim of error regarding the denial
of his motions for acquittal and for a new trial relies
upon his argument that the lesser included offense
instruction was erroneously denied and was available
to him due to the disputed and distinct mental elements
of the offenses, in accord with *State* v. *Fernandez,* 5
Conn. App. 40, 496 A.2d 533 (1985). As the defendant
failed to comply with the mandates of the rules of prac-
tice in submitting the request to charge, and does not
enjoy a constitutional right to such a charge; *State* v.
*Ostroski,* supra, 557; these claims fall with the deter-
mination that the trial court properly denied his request
to charge.

There is no error.

In this opinion the other judges concurred.