## STATE OF CONNECTICUT *v.* KEVIN ROBINSON (4686)

DALY, BIELUCH and FOTI, Js.

Argued February 16—decision released April 5, 1988

*John R. Williams,* for the appellant (defendant).

*Marcia B. Smith,* assistant state's attorney, with whom, on the brief, was *John A. Connelly,* state's attorney, for the appellee (state).

FOTI, J. The defendant appeals from the judgment of conviction, after a jury trial, of sexual assault in the first degree in violation of General Statutes § 53a-70 (a).[1]

---

[1] General Statutes § 53a-70 (a) provides: "A person is guilty of sexual assault in the first degree when such person compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person."

General Statutes § 53a-65 (7) defines "use of force" as "(A) Use of a dangerous instrument; or (B) use of actual physical force or violence or superior physical strength against the victim."

The defendant claims that as a matter of law the state failed to prove the defendant used force, an essential element of the crime, and that the court erred in refusing to charge the jury that sexual assault in the fourth degree, General Statutes § 53a-73a,[2] is a lesser included offense of sexual assault in the first degree. We find no error.

The jury could reasonably have found the following facts. At the time of the assault the victim was a resident at a halfway house for psychiatric patients, having recently been discharged from Fairfield Hills State Hospital, where she had been treated for anxiety, depression and suicidal tendencies. On the evening of the assault she asked the defendant, a high school friend, to drive her to a meeting of the Naugatuck Ambulance Corps where the victim and the defendant had been volunteers. After the meeting, the defendant asked the victim if she wanted to "ride around." She agreed to "ride around" and after a period of time the defendant drove down a dirt road and parked. The defendant began kissing the victim, she demanded that he stop and that he return her to the halfway house. The defendant, however, pulled up the victim's blouse and put his mouth on her breast at which point she "froze." The defendant proceeded to remove the victim's pants and succeeded in having vaginal intercourse with her. The victim testified that she told him to stop and attempted, unsuccessfully, to push him away.

The defendant's first claim is that the state failed to offer sufficient proof on the element of force for the jury to convict him of sexual assault in the first degree beyond a reasonable doubt and therefore erred in denying his motion for acquittal. In particular, the defend-

---

[2] General Statutes § 53a-73a provides in relevant part: "A person is guilty of sexual assault in the fourth degree when: . . . (2) such person subjects another to sexual contact without such other person's consent."

ant claims that no force was required because the victim "froze and offered no resistance" until after penetration had occurred.[3] Although this claim was not properly preserved at trial, we will review it under *State v. Evans,* 165 Conn. 61, 327 A.2d 576 (1973) and *State v. Thurman,* 10 Conn. App. 302, 523 A.2d 891, cert. denied, 204 Conn. 805, 528 A.2d 1152 (1987), as it raises claims of constitutional proportions; *In re Winship,* 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); and is adequately supported by the record.

The standard that applies when a jury verdict is challenged for insufficiency of the evidence is well settled. The issue is whether the jury could reasonably have concluded, upon the facts established and inferences reasonably drawn therefrom, that the defendant was guilty beyond a reasonable doubt. *State v. Baskins,* 12 Conn. App. 313, 316, 530 A.2d 663 (1987). "The evidence must be given a construction most favorable to sustaining the jury's verdict." *State v. Carter,* 196 Conn. 36, 44, 490 A.2d 1000 (1985); see *State v. Monk,* 198 Conn. 430, 432, 503 A.2d 591 (1986). Every element of the crime charged must be proved and, although it is in the province of the jury to draw logical inferences from the facts proven, they may not resort to speculation. *State v. Baskins,* supra.

" 'We do not sit as a juror who may cast a vote against the verdict based upon our feeling that some doubt of guilt is shown by the cold printed record. We have not had the jury's opportunity to observe the conduct, demeanor, and attitude of the witnesses and to gauge their credibility.' *State v. Stepney,* 191 Conn. 233, 255, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772, reh. denied, 466 U.S.

---

[3] Although the defendant took the stand and testified that he did not engage in any intimate contact with the victim, he contends that even if the jury completely disbelieved his testimony, at most, he is guilty of sexual assault in the fourth degree based on the victim's testimony.

954, 104 S. Ct. 2163, 80 L. Ed. 2d 547 (1984). ' "We cannot retry the facts or pass upon the credibility of the witnesses." *Johnson* v. *Flammia,* 169 Conn. 491, 497, 363 A.2d 1048 (1975).' *State* v. *Penland,* 174 Conn. 153, 158, 384 A.2d 356, cert. denied, 436 U.S. 906, 98 S. Ct. 2237, 56 L. Ed. 2d 404 (1978)." *State* v. *Monk,* supra, 433.

The state was required, in this case, to prove that the defendant compelled the victim to engage in sexual intercourse through the "use of force." The element of "use of force" is a question of fact for the jury. *State* v. *Monk,* supra; *State* v. *Kish,* 186 Conn. 757, 766–67, 443 A.2d 1274 (1982). The victim testified that when the defendant began to kiss her she told him to stop and to take her home. The defendant, however, pulled up her shirt and put his mouth on her breast; she testified that at this moment she "froze." She testified, further, that he then removed her pants and forced himself upon her telling her he knew it would hurt. She told him to stop and attempted, unsuccessfully, to push him off of her.

We conclude that these facts cannot be distinguished from those in *State* v. *Kish,* supra, where our Supreme Court found sufficient evidence of force to uphold the jury's verdict. Id., 767. The trial court, therefore, did not err in refusing to grant the defendant's motion for acquittal.

The defendant's second claim is that the court erred in refusing to charge the jury that sexual assault in the fourth degree is a lesser included offense of sexual assault in the first degree. We cannot reach the merits of this claim as the defendant failed to comply with the rule of practice which requires that he articulate the legal and factual basis for his requested charge. Practice Book § 854. The defendant submitted two written requests to charge the jury on a lesser included offense,

neither of which complied with § 854.[4] Our decision, therefore, is controlled by *State* v. *Ostroski,* 201 Conn. 534, 518 A.2d 915 (1986), and *State* v. *Merritt,* 11 Conn. App. 628, 528 A.2d 863 (1987).

We note at the outset that a defendant does not have a fundamental constitutional right to a jury instruction on a lesser included offense. *State* v. *Ostroski,* supra, 557; *State* v. *Whistnant,* 179 Conn. 576, 588, 427 A.2d 414 (1980).

In *State* v. *Whistnant,* our Supreme Court concluded that a defendant is entitled to an instruction on a lesser offense only if the following conditions are met: "(1) an appropriate instruction is requested by either the state or the defendant; (2) it is not possible to commit the

---

[4] The defendant's first request to charge stated: "Although the defendant has been specifically charged with Sexual Assault in the First Degree, the very nature of this offense under our penal code is such that it may include the elements of the crime of Sexual Assault in the Third Degree and Sexual Assault in the Fourth Degree. Accordingly, if you find that the proof is not sufficient to justify a conviction of the crime charged, you must consider whether it is sufficient to establish, beyond a reasonable doubt, his guilt of Sexual Assault in the Third Degree. Of course, if you find him guilty of the more serious crime of Sexual Assault in the First Degree you need go no further in your deliberation. Likewise, if you find the proof is not sufficient to justify a conviction of the crime of Sexual Assault in the Third Degree, you must consider whether it is sufficient to establish beyond a reasonable doubt his guilt of the lesser offense of Sexual Assault in the Fourth Degree."

The defendant's second request to charge stated: "To sum up, it is your duty to decide whether the accused is guilty of the crime of Sexual Assault in the First Degree, or Sexual Assault in the Third Degree, or Sexual Assault in the Fourth Degree, or whether he is not guilty. If you find the accused committed the crime of Sexual Assault in the First Degree, then your verdict will be simply guilty as charged. If you find that instead of Sexual Assault in the First Degree, Sexual Assault in the Third Degree was committed, your verdict will be guilty of Sexual Assault in the Third Degree. If you find that the accused did not commit either a Sexual Assault in the First Degree or Third Degree but did commit Sexual Assault in the Fourth Degree your verdict will be guilty of Sexual Assault in the Fourth Degree. Then, of course, if you conclude that the accused did not commit Sexual Assault in any degree, your verdict will be not guilty."

greater offense, in the manner described in the information or bill of particulars, without having first committed the lesser; (3) there is some evidence, introduced by either the state or the defendant, or by a combination of their proofs, which justifies conviction of the lesser offense; and (4) the proof on the element or elements which differentiate the lesser offense from the offense charged is sufficiently in dispute to permit the jury consistently to find the defendant innocent of the greater offense but guilty of the lesser." Id., 588.

A proposed instruction on a lesser included offense is not appropriate unless made in compliance with Practice Book § 854. *State* v. *McIntosh,* 199 Conn. 155, 158, 506 A.2d 104 (1986). Practice Book § 854 provides: "[R]equests . . . shall be in separate and numbered paragraphs, each containing a single proposition of law *clearly and concisely stated with the citation of authority upon which it is based, and the evidence to which the proposition would apply. . . ."* (Emphasis added.) See *State* v. *Ostroski,* supra, 558.

An appropriate instruction under *State* v. *Whistnant* must include a complete statement of the essential facts that would justify the court charging as requested. *State* v. *Merritt,* supra, 631. The defendant's request contains no facts or propositions of law upon which the court could justify giving the charge requested. We conclude, therefore, that the court did not err in refusing to give the charge of lesser included offense. Nor is there merit to the defendant's claim that we are precluded from upholding the trial court's ruling because the state's objection to the charge was based on the third prong of *State* v. *Whistnant,* rather than the first. Practice Book § 854 and the first prong of *State* v. *Whistnant,* impose an affirmative duty on the defendant which is neither unreasonable nor novel. *State* v. *Merritt,* supra, 632. This duty is not optional, nor can it be waived by the state. The defendant must provide

the trial court with the factual and legal basis for the charge before an appellate court can find error in the court's refusal to give the charge as requested. In this case, the trial court did not err in refusing the defendant's request to charge on sexual assault in the fourth degree.

There is no error.

In this opinion the other judges concurred.

