STATE OF CONNECTICUT *v.* FREDDY PAYNE
(6208)

BORDEN, O'CONNELL and FOTI, Js.

Argued March 2—decision released April 5, 1988

*Vincent Turley,* for the appellant (defendant).

*James A. Killen,* deputy assistant state's attorney, with whom, on the brief, was *Roland Fasano,* assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant appeals from the judgment of conviction, after a jury trial, of the crime of larceny in the second degree in violation of General Statutes § 53a-123 (a) (1).

On June 26, 1981, the owner of a red 1980 Yamaha motorcycle parked it in front of the Acme Shopping Mall in Hamden and entered the mall. When he returned he discovered that his motorcycle was missing but that its ignition system was on the ground where the motorcycle had been parked. He immediately notified the

police of the theft. On July 1, 1981, the motorcycle was found lying on its side in the driveway of a parking lot on Orchard Street in New Haven. A number of papers bearing the defendant's name were found next to the motorcycle, including a hospital identification card and a wallet-sized certificate from a motorcycle repair school. Subsequently, two police officers arrived and one of them identified the motorcycle as one which had been involved in a chase a short time earlier. The defendant was arrested and charged by substitute information with "possession of property, to wit: a Yamaha motorcycle stolen in Hamden, Connecticut on June 26, 1981, knowing that it had probably been stolen or believing that it had probably been stolen, in violation of Section 53a-123 (a) (1) of the Connecticut General Statutes."

The sole claim of error before this court is whether the court erred in failing to instruct the jury that they could find the defendant guilty of the lesser offense of using a motor vehicle without the owner's permission under General Statutes § 53a-119b.[1]

A defendant is entitled to an instruction on a lesser included offense when: "(1) an appropriate instruction is requested by the defendant; (2) it is not possible to commit the greater offense, in the manner described in the information or bill of particulars, without having first committed the lesser; (3) there is some evidence, introduced by either the state or the defendant, or by a combination of their proofs, which justifies conviction of the lesser offense; and (4) the proof of the element or elements which differentiate the lesser

---

[1] General Statutes § 53a-119b provides in relevant part: "A person is guilty of using a motor vehicle without the owner's permission when: (1) He operates or uses, or causes to be operated or used, any motor vehicle unless he has the consent of the owner; or (2) he obtains the consent of the owner to the use of his motor vehicle by fraud or fraudulent means, statement or representations."

offense from the offense charged is sufficiently in dispute to permit the jury consistently to find the defendant innocent of the greater offense but guilty of the lesser." *State* v. *Whistnant,* 179 Conn. 576, 588, 427 A.2d 414 (1980).

The defendant filed a written request to charge which merely asked that the court instruct the jury that using a motor vehicle without the owner's permission was a lesser included offense of the crime charged. It did not refer to any facts or evidence which would support the request as required by Practice Book § 854.[2] The charge requested, therefore, failed to satisfy the first prong of *Whistnant.* See *State* v. *Robinson,* 14 Conn. App. 40, 43–46, 539 A.2d 606 (1988). The short request to charge did not contain a complete statement of the essential facts which would have justified the court charging the jury in the form requested. *State* v. *Merritt,* 11 Conn. App. 628, 528 A.2d 863 (1987). The trial court, therefore, did not commit error in refusing to give the charge requested.

In view of our conclusion that the defendant's request to charge failed to conform to the requirements of Practice Book § 852 and *State* v. *Whistnant,* supra, we will not consider the merits of his claim that using a motor vehicle without the permission of the owner is a lesser included offense of possession of a stolen motor vehicle.

There is no error.

---

[2] Practice Book § 854 provides in relevant part: "[R]equests . . . shall be in separate and numbered paragraphs, each containing a single proposition of law clearly and concisely stated with the citation of authority upon which it is based, and the evidence to which the proposition would apply."