STATE OF CONNECTICUT *v.* EUGENE COLEMAN
(AC 17377)

Spear, Hennessy and Sullivan, Js.

Argued November 12, 1998—officially released March 30, 1999

*Francis L. O'Reilly*, special public defender, for the appellant (defendant).

*Nancy L. Chupak*, deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Kevin Murphy*, assistant state's attorney, for the appellee (state).

*Opinion*

HENNESSY, J. The defendant, Eugene Coleman, appeals from the judgment of conviction, rendered after

a jury trial, of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1)[1] and unlawful restraint in the first degree in violation of General Statutes § 53a-95.[2] The defendant claims that (1) there was insufficient evidence to establish beyond a reasonable doubt that he compelled the victim to engage in sexual intercourse by the use of force and (2) the trial court did not fairly and accurately marshall the evidence in its charge to the jury. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On August 2, 1994, the victim, a thirty-three year old woman, and a friend visited the West Indian Social Club in Hartford where they met the victim's sister. During the evening, the victim consumed two alcoholic beverages. The victim weighed about 115 pounds and the strong drinks caused her to feel the effects of the alcohol. As she and her sister were about to leave the club, the victim excused herself to use the bathroom because she thought she might become sick.

On her way to the women's bathroom, the victim saw the defendant looking at her. The defendant, who was employed as a security guard at the club, was big and husky. She recognized the defendant because he had made unwelcome sexual comments to her in the past, which she had ignored.

The defendant confronted the victim as she was leaving a stall in the women's bathroom, pulling up her

---

[1] General Statutes § 53a-70 provides in relevant part: "(a) A person is guilty of sexual assault in the first degree when such person (1) compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person . . . ."

[2] General Statutes § 53a-95 (a) provides: "A person is guilty of unlawful restraint in the first degree when he restrains another person under circumstances which expose such other person to a substantial risk of physical injury."

shorts and underwear. The defendant told her he wanted to perform cunnilingus on her. The victim told the defendant to leave her alone and to get out of the women's bathroom. The defendant then attacked the victim. He pulled down the victim's shorts and underwear, fondled her genital area and performed cunnilingus on her. He then turned the victim around and penetrated her vagina from the rear with his penis, which was painful to the victim.

The victim attempted to fight off the defendant but she was too weak and sick from the alcohol. She told him to stop and to get off of her. She tried to cry out, but, because she felt sick, her voice was not strong and she did not attract anyone's attention.

The defendant left the women's bathroom and the victim went into the club to tell her sister that she had been assaulted. She got a ride home from a neighbor, who was also at the club, and on the way home she told the neighbor that she had been raped in the bathroom by the defendant. When they arrived home, the neighbor told the victim's boyfriend, who then called the police. The police called an ambulance that took the victim to the hospital where a rape kit test was performed.

I

The defendant claims that there was insufficient evidence to establish beyond a reasonable doubt that he compelled the victim to engage in sexual intercourse by the use of force. Specifically, the defendant argues that the evidence was insufficient to show the existence of force because force means "physical force that overcomes earnest resistance or . . . threat of immediate harm to the victim or third party." The state responds that the evidence was sufficient to show the existence of force because force can be shown by the use of superior physical strength.

"The standard of review employed in a sufficiency of the evidence claim is well settled. [W]e apply a two-part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [trier of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . . *State* v. *James*, 237 Conn. 390, 435, 678 A.2d 1338 (1996)." (Internal quotation marks omitted.) *State* v. *Crespo*, 246 Conn. 665, 670, 718 A.2d 925 (1998), cert. denied, 525 U.S. 1125, 119 S. Ct. 911, 142 L. Ed. 2d 909 (1999). "The element of 'use of force' is a question of fact for the jury." *State* v. *Robinson*, 14 Conn. App. 40, 43, 539 A.2d 606, cert. denied, 488 U.S. 899, 109 S. Ct. 244, 102 L. Ed. 2d 233 (1988). "We do not sit as a [seventh] juror who may cast a vote against the verdict based upon our feeling that some doubt of guilt is shown by the cold printed record. We have not had the jury's opportunity to observe the conduct, demeanor, and attitude of the witnesses and to gauge their credibility." (Internal quotation marks omitted.) *State* v. *Williams*, 16 Conn. App. 75, 78, 546 A.2d 943 (1988).

"In order for the defendant to be convicted of sexual assault in the first degree, the state must prove beyond a reasonable doubt that the defendant (1) compelled the victim to engage in sexual intercourse (2) by use of force or threat of force." *State* v. *Johnson*, 26 Conn. App. 433, 436, 602 A.2d 36, cert. denied, 221 Conn. 916, 603 A.2d 747 (1992).

"According to General Statutes § 53a-65 (7), 'use of force,' as relevant here, means 'use of actual physical force or violence or *superior physical strength* against the victim.' " (Emphasis added.) *State* v. *Williams*, supra, 16 Conn. App. 79. Contrary to the defendant's assertion that use of force is "physical force that over-comes earnest resistance," we held in *State* v. *Mackor*,

11 Conn. App. 316, 321–22, 527 A.2d 710 (1987), that § 53a-70, "no longer requires that the state prove that physical force overcame earnest resistance . . . . [T]he state is now required to prove that it was the use of force or its threat which caused the victim to engage in sexual intercourse, and does not by its express language require that resistance be proven." See also *State v. Kulmac*, 230 Conn. 43, 75, 644 A.2d 887 (1994) (focus in sexual assault case is not conduct of victim and adequacy of resistance, but conduct of defendant and use of force or threat of use of force).

The state produced the following evidence at trial. The victim was petite and weighed about 115 pounds, whereas the defendant was big and husky. The defendant confronted the victim, who was weak and sick from the effects of alcohol, in the women's bathroom as she left a stall and, despite her protests, pulled down her shorts and underwear, held her right shoulder, engaged in cunnilingus, turned her around, pushed his body weight against her and inserted his penis into her vagina from behind.

The victim testified that the defendant entered the bathroom and attacked her. She testified that the defendant did not use physical violence against her, but held her right shoulder and pushed his body weight against her. She testified that the defendant used the "[f]orce of his strength. He knew [she] was weak . . . . He knew [she] was drunk and sick and weak. [She] was telling [the defendant] that [she was] sick and weak, stop this." She testified that he "braced me off in a way" and his body exerted pressure on her. She also testified that she tried to fight him off, and she told him to stop and get off of her. She also indicated that she yelled, but her voice was not strong because she was weak and sick from the alcohol. She testified that she was raped and that the experience was traumatic.

These facts are similar to those in *State* v. *Robinson,* supra, 14 Conn. App. 43, in which we held that there was sufficient evidence of force to uphold the jury's verdict. In *Robinson,* the victim testified that the defendant kissed her and she told him to stop, but the defendant pulled up her shirt and put his mouth on her breast and she "froze." Id., 41. The defendant then removed her pants and forced himself on her despite her pleas to stop and her attempt to push him away. Id. On the basis of the testimony of the victim in the present case, we conclude that the evidence is sufficient for a jury to conclude that the defendant compelled sexual intercourse with the victim by the use of force.

The defendant concedes that he had sexual intercourse with the victim, but he contends that the victim consented and that the evidence presented could support consensual intercourse. "[I]n evaluating evidence that could yield contrary inferences, the [trier of fact] is not required to accept as dispositive those inferences that are consistent with the defendant's innocence. . . . As we have often noted, proof beyond a reasonable doubt does not mean proof beyond all possible doubt . . . nor does proof beyond a reasonable doubt require acceptance of every hypothesis of innocence posed by the defendant that, had it been found credible by the [trier of fact], would have resulted in an acquittal. . . . On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the [trier's] verdict of guilty." (Citations omitted; internal quotation marks omitted.) *State* v. *Crespo,* supra, 246 Conn. 671. In addition "[i]f such force is proven beyond a reasonable doubt, lack of consent is implicit." *State* v. *Jackson,* 30 Conn. App. 281, 289, 620 A.2d 168, cert. denied, 225 Conn. 916, 623 A.2d 1026 (1993).

Viewing the evidence in the light most favorable to sustaining the verdict, we conclude that the trier of fact

reasonably could have concluded from the facts and the inferences reasonably drawn therefrom that the cumulative effect of the evidence established beyond a reasonable doubt that the defendant compelled the victim to engage in sexual intercourse by the use of force. Therefore, the evidence is sufficient to establish that the defendant was guilty of sexual assault in the first degree in violation of § 53a-70 (a) (1).

## II

The defendant next claims that the trial court improperly marshaled the evidence in an unfair and inaccurate manner thereby depriving him of a fair and impartial trial and due process of law.

The defendant failed to raise this claim at trial and now seeks review under *State* v. *Evans*, 165 Conn. 61, 327 A.2d 576 (1973), and *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989). "In *Golding*, [our Supreme Court] held: [A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. . . . The first two questions relate to whether a defendant's claim is reviewable, and the last two relate to the substance of the actual review." (Citations omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Cole*, 50 Conn. App. 312, 318, 718 A.2d 457, cert. granted on other grounds, 247 Conn. 937, 722 A.2d 1217(1998).

In addressing a *Golding* claim, this court "remain[s] free to dispose of the claim by focusing on whichever

condition is most relevant in the particular circumstances." (Internal quotation marks omitted.) *State* v. *Pinnock*, 220 Conn. 765, 778, 601 A.2d 521 (1992); see also *State* v. *Wideman*, 36 Conn. App. 190, 204–205, 650 A.2d 571 (1994), cert. denied, 232 Conn. 903, 653 A.2d 192 (1995). Because the defendant failed to demonstrate that a constitutional violation clearly exists and clearly deprived him of a fair trial, his claim fails the third condition of *Golding*.

Specifically, the defendant argues that the testimony does not support the trial court's use of the phrases "while holding her shoulder back" and "the defendant strained her by holding on to her shoulders"[3] in describing the evidence of force. "In reviewing a claim that the court improperly commented on the evidence, we first note that [i]t has been established by repeated decisions in this State that a court, in submitting a case to the jury, may, at its discretion, call the attention of the jury to the evidence, or lack of evidence, bearing upon any point of evidence in issue in the case, and may comment upon the weight of the evidence, so long as it does not direct or advise the jury how to decide the matter . . . . The ultimate test of the charge is whether, read in its entirety, it fairly presents the case to the jury so that no injustice is done . . . . Individual comments are not to be judged in isolation from the charge as a whole . . . and should be examined not in a vacuum, but in the context of the factual issues raised at trial." (Internal quotation marks omitted.) *State* v. *Ortiz*, 47 Conn. App. 333, 346–47, 705 A.2d 554 (1997), cert. denied, 244 Conn. 902, 710 A.2d 175 (1998). "[I]n appeals involving a constitutional question, [the standard is] whether it is reasonably possible that the

---

[3] Both the state and the defendant assumed that the trial court meant the word "restrained," however, neither party filed a motion to rectify the transcript. Therefore, we must assume that the trial court used the word "strained."

jury [was] misled." (Internal quotation marks omitted.) *State* v. *Figueroa*, 235 Conn. 145, 170–71, 665 A.2d 63 (1995).

We note that the trial court's statements are supported by the evidence. The victim testified that the defendant held on to her right shoulder and pushed his body weight against her. She also testified that the defendant "braced her off in a way." While the victim did not specifically state that the defendant "strained her by holding on to her shoulders," as we have stated, it is the charge as a whole and not individual comments of the judge that should be examined.

After reviewing the entire charge to the jury, we note that the trial court repeatedly informed the jury that it was the sole finder of fact and that it should rely on its own recollection of the evidence. The court also instructed the jury that any commentary by the court is for purposes of illustration, and, if the court's recollection of the evidence does not agree with that of the jury, the jury should rely on its own recollection.[4]

We conclude that the charge read in its entirety fairly presents the case to the jury. Therefore, we conclude

---

[4] Specifically, the trial court instructed the jury as follows: "It's your responsibility to find the facts from the evidence presented, recollect and weigh the evidence and from that, reach your only conclusions as to what the ultimate facts are. . . . The evidence from which you are to decide the facts consists of sworn testimony of the witnesses both from the direct examination and cross-examination regardless of who calls the witness. . . . You must decide this case solely on the evidence submitted to you during this trial. Now, should I make some commentaries of the evidence to better illustrate some rule, these commentaries are not binding upon you. If my recollection of the evidence does not comport with your recollection, then it's your recollection which must prevail because you are the exclusive trier of the facts." After marshaling the evidence, the trial court further instructed the jury: "Now, that is the evidence as I best recall it. Clearly, I told you on prior occasions if my recollection of the facts does not comport with your recollection of the facts, then it is your recollection which must prevail because you are the sole trier of the facts. It's your exclusive province to determine what the facts in this case are."

that the trial court's marshaling of the evidence did not mislead the jury and, thus, did not deprive the defendant of his right to due process. The defendant's claim fails under the third prong of *Golding*.

The judgment is affirmed.

In this opinion the other judges concurred.