## STATE OF CONNECTICUT *v.* MARLON WHITE
## (AC 33785)

DiPentima, C. J., and Robinson and Peters, Js.

Argued September 13—officially released December 4, 2012

*Norman A. Pattis*, with whom, on the brief, was *Kelly A. Rommel*, for the appellant (defendant).

*Timothy F. Costello*, assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, and *David A. Gulick*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PETERS, J. After a trial that the court described as a credibility contest, the defendant was found guilty of having sexually assaulted the complainant in violation of General Statutes §§ 53a-70 (a) (1) and 53a-73a (a) (2). The defendant's appeal principally challenges the sufficiency of the evidence to establish that he forcibly engaged in sexual intercourse with the complainant. We affirm the judgment of the trial court.

In a two count substitute information dated November 22, 2010, the state charged the defendant, Marlon White, with sexual assault in the first degree in violation of § 53a-70 (a) (1)[1] and sexual assault in the fourth degree in violation of § 53a-73a (a) (2).[2] The defendant denied his guilt and waived his right to a trial by jury. Following a bench trial, the trial court found the defendant guilty on both counts and sentenced him to a total effective term of five years incarceration followed by

---

[1] General Statutes § 53a-70 (a) provides in relevant part: "A person is guilty of sexual assault in the first degree when such person (1) compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person . . . ."

[2] General Statutes § 53a-73a (a) provides in relevant part: "A person is guilty of sexual assault in the fourth degree when . . . (2) such person subjects another person to sexual contact without such other person's consent . . . ."

ten years of special parole. The defendant has appealed from his conviction on both counts.

The court reasonably could have found the following facts. At the time of the incident, the defendant and the complainant were both members of the United States Army, stationed at the Army Reserve Center in Waterbury. They had known each other for approximately three years prior to December, 2008, and had spent time together both professionally and socially, discussing personal topics such as their families and their private lives.

On the morning of December 10, 2008, at the defendant's request, the complainant arrived at the reserve center earlier than usual, in order to participate in physical fitness training with the defendant. At the completion of this training, the complainant retrieved her shower bag from her office and went downstairs to the female locker room, where she proceeded to shower and dress in a uniform shirt and pants. The defendant then entered the female locker room, wearing only a towel around his waist. When the complainant tried to leave the locker room, the defendant waylaid her and told her that she was not going anywhere. The complainant unsuccessfully tried to free herself from his grasp and to persuade him to release her. He nonetheless briefly had sexual intercourse with the complainant, until she was able to pull away from him and leave the area.

After leaving the locker room, the complainant retreated to her office. A female janitor saw her crying, and when she asked what was wrong, the complainant told her that she was upset because someone she thought was her friend had "[done] something bad."

The defendant subsequently went to the complainant's office and attempted to engage in further sexual contact, but she pulled away and told him to leave.

Later that morning, the defendant returned to the complainant's office and told her that he was sorry. The defendant asked the complainant to forgive him and tried to hug her. She again asked him to leave and he complied with her request.

That afternoon, the complainant told her supervisor that she had been sexually assaulted. That evening, she went to the emergency room at Waterbury Hospital, where hospital staff took a patient history from her and performed testing for a sexual assault kit. Results from these tests did not reveal any physical injuries. In a statement that she gave to a police officer at the hospital, the complainant identified the defendant as the person who had sexually assaulted her.

At trial, the defendant admitted to having had sexual intercourse with the complainant, but claimed that it had been consensual. Challenging the sufficiency of the evidence against him, he moved for a judgment of acquittal on both counts following the conclusion of the state's case, which was denied.

In his appeal to this court, the defendant raises two issues. He challenges (1) the sufficiency of the evidence to establish that the complainant did not consent to engage in intercourse with him and (2) the court's evidentiary rulings excluding testimony of prior sexual activity between the parties and the complainant's medical and personnel records.

I

The defendant's principal claim is that the state failed to present sufficient evidence to establish the necessary elements of sexual assault in the first and fourth degree because the complainant's testimony was not credible and, even viewing the evidence in the light most favorable to sustaining his conviction, the record does not establish the element of force. We are unpersuaded.

The standard of review for a claim of insufficient evidence to support a criminal conviction is well established. "In reviewing a sufficiency of the evidence claim, we apply a two-part test. First, we construe the evidence in the light most favorable to sustaining the [finding of guilty]. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [trier] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Brown*, 299 Conn. 640, 646–47, 11 A.3d 663 (2011).

"[A]s we have often noted, proof beyond a reasonable doubt does not mean proof beyond all possible doubt . . . nor does proof beyond a reasonable doubt require acceptance of every hypothesis of innocence posed by the defendant that, had it been found credible by the trier, would have resulted in an acquittal. . . . On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the [trier's finding] of guilty. . . . Furthermore, [i]n [our] process of review, it does not diminish the probative force of the evidence that it consists, in whole or in part, of evidence that is circumstantial rather than direct. . . . It is not one fact, but the cumulative impact of a multitude of facts which establishes guilt in a case involving substantial circumstantial evidence. . . . [Finally] in responding to a claim of evidentiary insufficiency . . . we view all of the evidence, and the reasonable inferences drawable therefrom, in favor of the [trier's finding of guilty]." (Citations omitted; internal quotation marks omitted.) *State* v. *Morelli*, 293 Conn. 147, 152–53, 976 A.2d 678 (2009).

A

The defendant maintains that there is insufficient evidence to sustain his conviction of sexual assault

in the fourth degree pursuant to § 53a-73a (a) (2). To establish a violation of § 53a-73a (a) (2), the state was required to prove that the defendant "subject[ed] another person to sexual contact without such other person's consent . . . ."

At trial, the complainant testified that the defendant took hold of her around the waist with both arms as she attempted to exit the female locker room, and that she threatened to tell her supervisor and told him to let her go. She testified that she unsuccessfully struggled to get away, but was physically unable to prevent the defendant from sexually assaulting her. The complainant's testimony was sufficient for the court reasonably to conclude that the complainant did not consent to having sexual contact with the defendant.

The defendant attacks the validity of the court's credibility assessment by pointing to the inconsistencies in the complainant's statements about the assault to the police, to her supervisor, to hospital staff and at trial.[3] He further contends that her delay in reporting the alleged sexual assault and her demeanor following the assault are inconsistent with a lack of consent. We disagree.

It is well established that "[q]uestions of whether to believe or to disbelieve a competent witness are beyond our review. As a reviewing court, we may not retry the case or pass on the credibility of witnesses. . . . We must defer to the [finder] of fact's assessment of the credibility of the witnesses that is made on the basis of its firsthand observation of their conduct, demeanor and attitude." (Internal quotation marks omitted.) *State*

---

[3] In reviewing the alleged inconsistencies between the complainant's various reports of the sexual assault, we conclude that none of them were essential to the elements the state was required to prove. Moreover, the court reasonably could have attributed any inconsistencies in the complainant's testimony to the passage of time since the incident or to the complainant's mental state following the assault.

v. *Montoya*, 110 Conn. App. 97, 104, 954 A.2d 193, cert. denied, 289 Conn. 941, 959 A.2d 1008 (2008).

Viewing the evidence in the light most favorable to sustaining the court's finding of guilty, we are persuaded that the court reasonably could have found that the state had proved each required element of § 53a-73a (a) (2). We conclude, therefore, that the state presented sufficient evidence to support the defendant's conviction of sexual assault in the fourth degree.

B

The defendant also challenges the sufficiency of the state's evidence as to the element of force necessary to establish a violation of § 53a-70 (a) (1).[4] To establish that the defendant violated § 53a-70 (a) (1), the state was required to prove that the defendant "compell[ed] another person to engage in sexual intercourse by the use of force against such other person . . . or by the threat of use of force against such other person . . . ." The defendant claims that, even viewed in the light most favorable to sustaining the finding of guilty, the evidence presented by the state did not establish the use of force because the complainant's testimony did not support such a claim, and because she did not manifest any physical injuries. We are not persuaded.

General Statutes § 53a-65 (7) states that the " '[u]se of force' means . . . use of actual physical force or violence or superior physical strength against the [complainant]." The use of force is a question of fact for the fact finder. See *State* v. *Coleman*, 52 Conn. App. 466,

---

[4] The defendant also erroneously contends that the state did not establish the element of force necessary to establish a violation of § 53a-73a (a), sexual assault in the fourth degree. Although lack of consent is required to establish a violation of this subsection of the statute, force is not a necessary element. We therefore decline to address this claim. See *State* v. *McKiernan*, 84 Conn. App. 31, 36–37, 851 A.2d 1198, cert. denied, 271 Conn. 915, 859 A.2d 573 (2004).

469, 727 A.2d 246, cert. denied, 249 Conn. 902, 732 A.2d 776 (1999).

"[N]othing . . . in our law, suggests that proof of physical violence is necessary to establish that the sexual intercourse or contact has been compelled by the use of force or a threat of the use of force. . . . Furthermore, we have consistently held that one also may be guilty of sexual assault in the first degree if one uses one's physical size or strength to threaten another to submit to sexual intercourse and that such threat may be expressed or *implied*." (Citation omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Jason B.*, 111 Conn. App. 359, 364, 958 A.2d 1266 (2008), cert. denied, 290 Conn. 904, 962 A.2d 794 (2009).

In arguing that force was not established, the defendant relies on testimony that there were no buttons missing from the complainant's pants, that she kept her personal items in her hands and did not use them to stop the attack, that there were no rips in her clothing and that she displayed no physical injuries. In light of the defendant's concededly superior strength and size, however, the court was entitled to find credible the complainant's testimony that she had been overpowered and sexually assaulted even though she was not visibly injured.

Viewing the record as a whole, the court reasonably could have found that the evidence presented by the state established beyond a reasonable doubt that the defendant compelled the complainant to engage in sexual intercourse by the use of force. The evidence, therefore, is sufficient to establish that the defendant was guilty of sexual assault in the first degree in violation of § 53a-70 (a) (1).

II

The defendant next claims that the trial court abused its discretion when it (1) excluded the complainant's

confidential medical and personnel records, and (2) prohibited the defendant from questioning the complainant about her prior sexual activity, pursuant to an exception to the rape shield statute.

The following additional facts are relevant to our consideration of the defendant's claims. Before trial, the state filed a motion in limine, seeking to exclude evidence of the complainant's prior sexual conduct. The defendant objected, stating that he intended to introduce the complainant's confidential records to corroborate his theory that her motive for making sexual assault allegations against the defendant was to obtain an honorable medical discharge and a disability pension from the military. The defendant also made an offer of proof at the hearing on the motion, asserting that he intended to offer evidence of an incident two years prior to the alleged sexual assault, in which the defendant and the complainant allegedly exposed themselves to each other.

The court ruled that the defendant was permitted to ask the complainant about this prior incident, but that he could not introduce extrinsic testimonial evidence for the purpose of contradicting the complainant, as it would be collateral to the issue of her credibility. Further, after reviewing the disputed medical records in camera, the court found nothing relevant to the complainant's alleged motive to fabricate complaints against the defendant and, therefore, denied his request to admit them. There was no ruling regarding the complainant's personnel records at this hearing, as the court had yet to receive them.

We first set forth the standard of review. "Upon review of a trial court's decision, we will set aside an evidentiary ruling only when there has been a clear abuse of discretion. . . . The trial court has wide discretion in determining the relevancy of evidence and

the scope of cross-examination and [e]very reasonable presumption should be made in favor of the correctness of the court's ruling in determining whether there has been an abuse of discretion." (Internal quotation marks omitted.) *State* v. *Cecil J.*, 99 Conn. App. 274, 279, 913 A.2d 505 (2007), aff'd, 291 Conn. 813, 970 A.2d 710 (2009).

## A

At trial, the court allowed the defendant to pursue limited cross-examination regarding the complainant's previous request for a medical discharge, despite excluding the records themselves. The defendant, however, maintains that the court abused its discretion when it excluded the complainant's medical records and personnel records at a pretrial hearing.[5] We disagree.

"On review, we must determine whether the trial court's decision constituted an abuse of discretion. . . .

---

[5] The defendant further contends that, because the court prohibited more detailed questioning of the complainant about the reasons behind her application for a discharge, he was not able effectively to cross-examine the complainant. "[I]n considering confrontation clause challenges where a defendant has been permitted to cross-examine a state's witness but has been barred from pursuing particular lines of inquiry, [courts] look not only to the scope of cross-examination permitted but also to the overall case presented by the defense to assess whether the jury had an adequate opportunity to evaluate the witnesses' credibility and potential bias. . . . [W]hen a witness's credibility is at issue, the trial court may impose limits on cross examination without violating a defendant's confrontation right so long as the court grants the defendant sufficient leeway to establish a reasonably complete picture of the witness's bias and motivation to fabricate." (Internal quotation marks omitted.) *State* v. *Mark R.*, 300 Conn. 590, 613–14, 17 A.3d 1 (2011).

We agree with the state that even if the excluded lines of questioning were generally relevant to the defendant's theory of defense, the scope of cross-examination permitted by the trial court afforded the defendant an adequate opportunity to put before the court his theory that the complainant had fabricated her allegations and, therefore, did not violate the defendant's confrontation right.

In making such a determination, this court must conduct an in camera inspection of the sealed records. . . . The linchpin of the determination of the defendant's access to the records is whether they sufficiently disclose material especially probative of the ability to comprehend, know and correctly relate the truth . . . so as to justify breach of their confidentiality . . . . Whether and to what extent access to the records should be granted to protect the defendant's right of confrontation must be determined on a case by case basis. . . . [W]hen the trial court has reviewed the records in camera, access to the records must be left to the discretion of the trial court which is better able to assess the probative value of such evidence as it relates to the particular case before it . . . and to weigh that value against the interest in confidentiality of the records." (Citations omitted; internal quotation marks omitted.) *State* v. *Liborio A.*, 93 Conn. App. 279, 289–90, 889 A.2d 821 (2006).

We have reviewed the challenged medical records, and we conclude that the information contained therein would not shed light on the complainant's motive in this case. The court, therefore, was within its discretion to exclude the plaintiff's medical records, as they would not have disclosed material sufficiently probative of the defendant's theory of defense to justify breaching their confidentiality.

Furthermore, we decline to review the complainant's personnel records, as they were never reviewed in camera by the trial court.[6] "[A] defendant may not successfully establish a violation of his rights to present a

---

[6] During cross-examination, the trial court stopped questioning of the complainant to determine whether there had been a ruling following an in camera review of the complainant's personnel records. When it was discovered that the records had not been reviewed, the court indicated that it would take the defendant's cross-examination regarding the complainant's pending medical discharge application "question by question." At no point did the court indicate that it was refusing to review the personnel records in camera. Rather, the court indicated that the records had not been delivered

defense and to compulsory process without first taking reasonable steps to exercise those rights. . . . To exercise his sixth amendment compulsory process rights diligently, a defendant is required to utilize available court procedures, such as the issuance of subpoenas, as well as requests for continuances or material witness warrants that may be reasonably necessary to effectuate the service process." (Citations omitted.) *State* v. *Tomas D.*, 296 Conn. 476, 498, 995 A.2d 583 (2010), overruled in part on other grounds by *State* v. *Payne*, 303 Conn. 538, 564, 34 A.3d 370 (2012); see also *State* v. *Lubesky*, 195 Conn. 475, 478–80, 488 A.2d 1239 (1985) (rejecting compulsory process claim arising from inability to find state witness who had already testified because defendant failed to request continuance or move for mistrial).

If the defendant was concerned that his ability to cross-examine the complainant was compromised by this limitation, it would have been appropriate for him to seek a continuance until an in camera review of the records had been completed, as even the defendant's counsel conceded at oral argument that a continuance would likely have been granted in this case. Having failed to seek a reasonable continuance, the defendant cannot establish a violation of his right to effectively present a defense.

We conclude, therefore, that the court did not abuse its discretion when it denied the defendant's request to admit the complainant's confidential medical and personnel records into evidence.

## B

Finally, the defendant claims that the court abused its discretion when it prohibited him from questioning the complainant about a prior incident in which the

for review, and it would have to rule on testimony relating to these records as the questions were asked.

complainant allegedly exposed herself to the defendant and about prior conversations between the complainant and the defendant about sex. He maintains that the evidence was admissible under General Statutes § 54-86f as an exception to the rape shield statute.[7] We disagree.

"[T]he trial court [is] bound, in the exercise of its discretion, by our rape shield statute. . . . [Section] 54-86f, commonly referred to as the rape shield statute, was enacted to bar or limit the use of prior sexual conduct of an alleged [complainant] of sexual assault because it is such highly prejudicial material. . . . Our legislature has determined that, except in specific instances, and taking the defendant's constitutional rights into account, evidence of prior sexual conduct is to be excluded for policy purposes. Some of these policies include protecting the [complainant's] sexual privacy and shielding her from undue [harassment], encouraging reports of sexual assault, and enabling the [complainant] to testify in court with less fear of embarrassment. . . . Other policies promoted by the law include avoiding prejudice to the [complainant], jury confusion and waste of time on collateral matters." (Citations omitted; internal quotation marks omitted.) *State* v. *Clifford P.*, 124 Conn. App. 176, 182–83, 3 A.3d 1052, cert. denied, 299 Conn. 911, 10 A.3d 529 (2010).

Specifically, § 54-86f provides in relevant part: "[N]o evidence of the sexual conduct of the [complainant]

---

[7] General Statutes § 54-86f provides in relevant part: "In any prosecution for sexual assault under sections 53a-70 . . . to 53a-73a, inclusive, no evidence of the sexual conduct of the [complainant] may be admissible unless such evidence is . . . (3) any evidence of sexual conduct with the defendant offered by the defendant on the issue of consent by the [complainant], when consent is raised as a defense by the defendant, or (4) otherwise so relevant and material to a critical issue in the case that excluding it would violate the defendant's constitutional rights. Such evidence shall be admissible only after a hearing on a motion to offer such evidence containing an offer of proof. . . ."

may be admissible unless such evidence is . . . (4) otherwise so relevant and material to a critical issue in the case that excluding it would violate the defendant's constitutional rights. . . ." The defendant contends that the excluded testimony was material to establishing the lack of credibility of the complainant.

The proffered testimony regarding a prior incident, in which the complainant allegedly exposed herself to the defendant, occurred more than two years before the defendant sexually assaulted the complainant. We agree with the court that this prior incident was not relevant to the complainant's lack of consent during the sexual assault. Although it may have been relevant to the complainant's credibility, as the defendant sought to present extrinsic evidence to contradict her testimony, the court properly determined that such evidence was inadmissible because the prior incident was a collateral issue. It is well established that "[a] witness may not be impeached by contradicting . . . her testimony as to collateral matters, that is, matters that are not directly relevant and material to the merits of the case." (Internal quotation marks omitted.) *State* v. *West*, 274 Conn. 605, 640, 877 A.2d 787, cert. denied, 546 U.S. 1049, 126 S. Ct. 775, 163 L. Ed. 2d 601 (2005).

Further, as a collateral issue, this evidence was more prejudicial to the complainant than probative of her credibility. "[T]he rape shield statute . . . was enacted specifically to bar or limit the use of prior sexual conduct of an alleged [complainant] of a sexual assault because it is such highly prejudicial material." (Internal quotation marks omitted.) *State* v. *Smith*, 280 Conn. 285, 300, 907 A.2d 73 (2006). Section 4-3 of the Connecticut Code of Evidence also provides: "Relevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice . . . or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." The court, therefore, properly excluded such testimony.

The defendant also maintains that the court improperly denied his request to make an offer of proof regarding the admissibility of prior sexually charged conversations between the parties under an exception to the rape shield statute.[8] Although a defendant may be entitled to an evidentiary hearing to demonstrate that the evidence would be admissible under one of the exceptions to § 54-86f, such a hearing is required only if the trial court first determines that the evidence is relevant. *State* v. *Cecil J.*, supra, 99 Conn. App. 281.

The defendant contends that the line of questioning surrounding these conversations with the complainant was relevant to the complainant's credibility, because she previously had given testimony inconsistent with her statements on recross-examination by stating that the defendant's discussion of sexual topics offended her. The defendant, however, mischaracterizes the complainant's testimony. Contrary to his assertion, the complainant previously testified that she thought such conversations were appropriate.[9] The excluded line of

[8] During recross-examination, the defendant's counsel asked the complainant: "Some of the other discussions that you had with [the defendant] about sex revolved around your sexual relationships. Isn't that correct?" The state objected on the ground that the complainant's response was outside the scope of direct examination. The court sustained the state's objection to this line of questioning and also concluded that it was inadmissible under § 54-86f. The defendant then sought to make an offer of proof regarding the admissibility of this testimony, which was denied.

[9] The complainant's testimony during cross-examination about her previous conversations with the defendant did not demonstrate that she was offended by the topic of the conversations:

"Q. Okay. You talked about strippers right?

"A. Yes, sir.

"Q. Okay. You mentioned you talked about a woman's G-spot. Right?

"A. Yes, sir.

"Q. You talked about how some guys can't please a woman. Isn't that true?

"A. Yes, sir.

"Q. And you consider these appropriate conversations to have with a coworker?

"A. Yes, sir."

questioning, therefore, was not relevant to the complainant's credibility, and was directly prohibited pursuant to the rape shield statute as testimony relating to her prior sexual activity.[10] We conclude, therefore, that the court properly exercised its discretion to exclude testimony concerning the complainant's prior sexual activity and conversations with the defendant, both under § 4-3 of the Connecticut Code of Evidence and pursuant to § 54-86f.

The central issue in this case is whether the credible evidence provided by the state was sufficient to sustain the defendant's conviction. We conclude that the court properly excluded the complainant's medical and personnel records, and properly limited testimony about prior sexual activity and conversations between the parties. We further conclude that the evidence of record, as a whole, was sufficient to prove the required elements of § 53a-70 (a) (1) and § 53a-73a (a) (2) beyond a reasonable doubt.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[10] The court also properly sustained the state's objection to the defendant's line of questioning on recross-examination because it was outside the scope of redirect examination. "A question [on cross-examination] is within the scope of the direct examination if it is designed to rebut, impeach, modify, or explain any of the . . . direct testimony. . . . The trial court is given broad discretion to determine whether a particular line of cross-examination is within the scope of the direct examination." (Citations omitted; internal quotation marks omitted.) *State* v. *Ramos*, 261 Conn. 156, 176–77, 801 A.2d 788 (2002).

On redirect, the state's examination of the complainant did not include the topic of the conversations between the parties, but rather concerned a comment made by the defendant to the complainant later in the afternoon on the day of the sexual assault. The question on recross-examination about the complainant's prior sexual relationships, therefore, was not within the scope of the redirect examination, and it was within the court's discretion to exclude it.