United States v. Rendon-Reyes

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10ᵗʰ day of May, two thousand twenty-three.**

**PRESENT:**

> **GUIDO CALABRESI,**
> **MICHAEL H. PARK,**
> **STEVEN J. MENASHI,**
> *Circuit Judges.*

_____

**United States of America,**

> *Appellee*,

> **v.** 20-446

**Francisco Rendon-Reyes,**

> *Defendant-Appellant.*[*]

_____

---

[*] The Clerk of Court is respectfully directed to amend the caption accordingly.

**FOR APPELLEE:**                                  Kevin Trowel, Gabriel K.
                                                   Park, Assistant United States
                                                   Attorneys, *for* Breon Peace,
                                                   United States Attorney for
                                                   the Eastern District of New
                                                   York, Brooklyn, NY.

**FOR DEFENDANT-APPELLANT:**                        Yuanchung Lee, Federal
                                                   Defenders of New York, Inc.,
                                                   New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Korman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the restitution judgment of the district court is **VACATED** and **REMANDED**.

Francisco Rendon-Reyes operated an international sex-trafficking ring with his family. He pleaded guilty to racketeering in violation of 18 U.S.C. § 1962(c) and to interstate prostitution of Jane Doe #10 in violation of 18 U.S.C. § 2422(a). At his plea hearing, Rendon-Reyes allocuted to two predicate racketeering acts: participation in the sex trafficking of Jane Doe #2 in violation of 18 U.S.C. § 1591(a)(1), (a)(2), and the interstate prostitution of Jane Doe #10 in violation of 18 U.S.C. § 2422(a). The district court (Korman, *J.*) proceeded to sentence Rendon-Reyes to 108 months' imprisonment. The district court and both parties believed that restitution was mandatory under either 18 U.S.C. § 3663A or 18 U.S.C. § 1593.[1] The district court thus imposed restitution in the amount of $157,500. On appeal, the parties agree that restitution was not mandatory, and that the district court plainly erred in failing to recognize its discretion. We

---

[1] Rendon-Reyes's plea agreement cited 18 U.S.C. §§ 3663A, 3664, while the government's sentencing and restitution submissions cited 18 U.S.C. § 1593. The district court's proposed restitution order, which it later adopted without objection, did not cite either statute.

thus vacate the district court's restitution order and remand for further proceedings.[2]

First, the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, does not mandate restitution in this case. As relevant here, the statute applies "in all sentencing proceedings for convictions . . . relating to charges for[] any offense that is . . . a crime of violence," as defined in 18 U.S.C. § 16. 18 U.S.C. § 3663A(c)(1). 18 U.S.C. § 16(a), in turn, defines "crime of violence" to include "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."[3] In determining whether an offense of conviction falls within that definition, "we consider the offense generically, that is to say . . . in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Kondjoua v. Barr*, 961 F.3d 83, 87 (2d Cir. 2020) (per curiam).

The government concedes that neither of Rendon-Reyes's offenses of conviction are crimes of violence. "RICO offenses are to be judged violent or not depending on the underlying pattern of racketeering alleged in the particular case." *United States v. Martinez*, 991 F.3d 347, 358 (2d Cir. 2021) (citing *United States v. Ivezaj*, 568 F.3d 88, 96 (2d Cir. 2009)); *accord United States v. Laurent*, 33 F.4th 63, 87-88 (2d Cir. 2022) (affirming that this approach remains "good

---

[2] The Court previously summarily affirmed all other aspects of Rendon-Reyes's conviction and sentence following his counsel's filing of a brief under *Anders v. California*, 386 U.S. 738 (1967), and the government's motion for summary affirmance.

[3] 18 U.S.C. § 16(b) adds "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," but the government affirmatively waived any argument predicated on that subsection. *See* Appellee's Br. at 15 (noting that "consistent with Department of Justice policy, the government" does not rely on section 16(b)); *cf. Sessions v. Dimaya*, 138 S. Ct. 1204, 1210 (2018) (holding that section 16(b) as incorporated into the Immigration and Nationality Act is unconstitutionally vague).

3

law"). Here, neither of Rendon-Reyes's two racketeering predicates was itself a crime of violence. A defendant can violate both 18 U.S.C. § 1591(a) and 18 U.S.C. § 2422(a) without "the use, attempted use, or threatened use of physical force."[4] 18 U.S.C. § 16(a). For that reason, Rendon-Reyes's conviction under section 2422(a) was also not a crime of violence. Indeed, Rendon-Reyes allocuted to no use or threatened use of force at his plea hearing.

The Mandatory Victims Restitution Act also allows parties to stipulate to mandatory restitution in a plea agreement. *See* 18 U.S.C. § 3663A(a)(3), (c)(2). But it is undisputed that Rendon-Reyes's plea agreement included no such provision.

Second, 18 U.S.C. § 1593 does not mandate restitution in this case. Under this provision, "the [sentencing] court shall order restitution for any offense under this chapter"—*i.e.*, Title 18, Part I, Chapter 77 of the United States Code. 18 U.S.C. § 1593(a). The parties agree that Rendon-Reyes was convicted of no such offense; rather, his offenses of conviction are located within Chapters 96 and 117.

We thus vacate the district court's restitution order due to its assumption that restitution was mandatory. On remand, the district court may consider whether restitution is nevertheless warranted under 18 U.S.C. § 3663, which provides for discretionary restitution.[5]

---

[4] Section 1591 applies to whoever (1) "recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person . . . knowing, . . . that means of force, threats of force, fraud, [or] coercion . . . will be used to cause the person to engage in a commercial sex act," or (2) "benefits, financially or by receiving anything of value, from participation in a venture which has engaged" in the former. 18 U.S.C. § 1591(a). Section 2422(a) applies, *inter alia*, to "[w]hoever knowingly persuades, induces, entices, or coerces any individual to travel in interstate or foreign commerce . . . to engage in prostitution." 18 U.S.C. § 2422(a).

[5] Rendon-Reyes argues that we should simply strike the restitution order, rather than remand, because the district court indicated reluctance to order restitution absent a mandatory requirement. We see no reason to so constrain the district court's discretion. The parties also raise the propriety of a

For the foregoing reasons, the restitution judgment of the district court is **VACATED** and **REMANDED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

restitution award to Jane Doe #6, but the district court may address that issue on remand.